IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MEEPHEAD, LLC<br><br>Plaintiffs,<br><br>v.<br><br>TEUX ARTS, INC., ET AL.<br><br>Defendants,<br><br>CHRISTIAN AGUILA,<br><br>Third Party Defendant. | CIV. NO.: 16-3018 (SCC) |

**ORDER**

On May 31, 2017, MEEPHEAD, LLC served a request for admissions on defendant Teux Arts, Inc. *See* Docket No. 47-1. Teux Arts failed to timely respond to the discovery request. Meephead now moves the court to admit the matters contained in the request for admissions. *See* Docket No. 47.

Three days after Meephead's motion, Teux Arts produced the responses to the Request for Admissions. Shortly thereafter, Teux Arts opposed the request to have the matters admitted. Teux Arts argues that Meephead did not make a "reasonable and good-faith effort" to resolve the controversy amicably before filing the motion, as Local Rule 26(b) requires. *See* Docket No. 48. In addition, Teux Arts avers that during a settlement conference held on July 6, 2017, it made a point to explain the technical

difficulties encountered in accessing discovery-related documents. Lastly, Teux Arts recalls the Magistrate Judge's command to the parties to "attempt to resolve their discovery disputes amicably." *Id*.

Under Fed. R. Civ. P. 36(a)(3), if a party served with a written request for admissions fails to respond within 30 days, the matters contained therein are admitted. The 30 days may be shortened, or lengthened, if the parties so stipulate, or upon order of the court. Any matter thus admitted is "conclusively established" unless the Court, "on motion", allows the withdrawal or amendment of the admission. *See* Fed. R. Civ. P 36(b).

In order to relieve a party of the consequences of its failure to respond in a timely fashion, the Court must consider: (1) whether "the presentation of the merits of the action will be subserved thereby," and (2) whether "the party who obtained the admission fail[ed] to satisfy the court that withdrawal will prejudice [that party] in maintaining [the] action or defense on the merits." *See* Fed. R. Civ. P. 36(b); *see also*, *Human Resource Development Press, Inc. v. IKON Office Solutions Inc.*, 246 F.R.D. 82, 85 (D.Mass. 2007).

The first prong is met "when the party seeking withdrawal establishes that such withdrawal 'would facilitate the development of the case in reaching the truth,'" or, in the other hand when "upholding the admissions would practically eliminate any presentation of the merits of the case." *Id*. Such is the case here. Allowing the admissions to stand would conclusively establish Meephead's claims without facilitating the presentation of the merits of the case.

As to the second prong, the prejudice that the Rule talks about "is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth," but rather, it is a measure of

the difficulties that the party may encounter in proving its case. *See Brook Village North Associates v. General Elec. Co.*, 686 F.2d 66, 70-1 (1ˢᵗ Cir. 1982). For example, key witnesses might have become unavailable, or evidence needed to establish matters already addressed by the admissions might be difficult to obtain. *Id*. (citing *Westmoreland v. Triumph Motorcycle Corp.*, 71 F.R.D. 192 (D.Conn.1976)). Meephead has not convinced the Court that the presentation of its case would be prejudiced by allowing withdrawal of the admissions. Timing is also not on Meephead's side. Though this case cannot be said to be in its early stages, there is still ample time for Meephead to gather evidence on the merits of its claims. Had trial been around the corner, a different conclusion might be warranted. *See Brook Village*, 686 F.2d at 72 ("Rule 36 plainly contemplates a more restrictive standard for foregoing the conclusive effect of admissions once trial has begun.").

Considering all factors, the Court finds that applying the sanction of Rule 36 is not proper in this case.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 1st day of August, 2017.

        S/SILVIA CARREÑO-COLL
        UNITED STATES MAGISTRATE JUDGE